# BEFORE THE UNITED STATES
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| **IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION**<br><br>Relates to:<br><br>*Morgan Kukovec v. TikTok, Inc., et al.*, 1:20-cv-04170 (N.D. Ill) | **MDL NO. 2948** |

# NORTHERN DISTRICT OF ILLINOIS PLAINTIFF KUKOVEC'S
# RESPONSE IN SUPPORT OF TRANSFER TO THE NORTHERN DISTRICT OF
# ILLINOIS FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

Plaintiff Kukovec ("Plaintiff") submits this brief in support of Transfer and Coordination Pursuant to 28 U.S.C. § 1407 to the Honorable John Z. Lee in the United States District Court for the Northern District of Illinois ("NDIL")[1] or, in the alternative, to the Honorable Chief Judge Rosenstengel in the United States District Court for the Southern District of Illinois ("SDIL").[2] Plaintiff opposes transfer to Hon. Judge Lucy H. Koh in the United States District Court for the Northern District of California.[3]

## I.    INTRODUCTION

Illinois is a recognized leader in protecting its citizens' privacy rights, being the first state to enact, in 2008, the sweepingly protective Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*. In enacting BIPA, the legislature acknowledged that the "use of biometrics is growing,"  presents a "heightened security risk" that the "overwhelming majority of members of the public are weary of the use, "the full ramifications of biometric technology are not fully known and  "The public welfare, security, and safety will be served by regulating the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." 740 ILCS 14/5.  For more than a decade, Illinois has been developing and enforcing

---

[1] *E.R. v. TikTok, Inc. et al*, No. 1:20-cv-2810 (N.D. Ill.) (filed May 8, 2020), the first-filed action in the Northern District of Illinois consolidated with four other actions originally styled as follows: *K.M. v. TikTok, Inc. et al.*, No. 1:20-cv-2883 (N.D. Ill.) (filed May 13, 2020); *D.H. v. TikTok, Inc. et al.*, No. 1:20-cv-2884 (N.D. Ill.) (filed May 13, 2020); *L.B. v. TikTok, Inc. et al.*, No: 1:20-cv-2889 (N.D. Ill.) (filed May 13, 2020); *H.S. v. ByteDance, Inc. et al.*, No. 1:20-cv-3007 (N.D. Ill.) (filed May 20, 2020) ( "NDIL Case")

[2] *A.S. v. TikTok, Inc.*, Case No., 3:2020cv00457-NJR was consolidated with a subsequent related action in the Southern District of Illinois captioned, *S.M. v. TikTok, Inc.*, Case No. 3:2020-cv-00498-NJR. Both are now proceeding as *In re: TikTok Inc. Data Privacy Litigation*, Case No. 3:20-cv-00457-NJR (S.D. Ill.) ("SDIL Case")

[3] *Hong v. ByteDance, Inc.*, Case No. 5:19-cv-7792 (N.D. Cal. filed Nov. 27, 2019),  as consolidated and styled *In Re: TikTok, Inc. Privacy Litigation*, No. 5:19-cv-07792 (N.D. Cal.) ( "*Hong* Case").

its strong public policy in favor of protecting its citizens' privacy. Illinois state and federal courts have collectively been developing BIPA jurisprudence, and Illinois courts have a strong interest in continuing to do so. In recent orders related to this litigation, both Illinois Judges, Judge Lee and Judge Rosenstengel, affirmed the strong interest of Illinois courts in adjudicating BIPA claims (MDL ECF Dkt. No. 64), with Judge Rosenstengel explaining, in part: "[t]his action was brought by Illinois plaintiffs under Illinois law in Illinois, and the Court does not see why a court in California is any better placed to adjudicate this action." MDL ECF Dkt. No. 61, Ex. A at 3.

BIPA is exclusively applicable to Illinois residents, which is why Plaintiff brought her claims against Defendants TikTok, Inc.'s and ByteDance ("Defendants"), on behalf of a class of Illinois residents who registered for or used the TikTok application while under the age of eighteen. With the exception of *Hong*, all of the Related Actions have been brought on behalf of a narrowly defined class of Illinois residents and seek redress exclusively under BIPA and Illinois state law. Plaintiff incorporates herein the arguments made by the NDIL case and the SDIL case in support of Section 1407 coordination and transfer.

## II.  LEGAL ARGUMENT IN SUPPORT OF TRANSFER AND CONSOLIDATION
### A. CONSOLIDATION IS APPROPRIATE

Plaintiff supports consolidation pursuant to 28 U.S.C. § 1407, which provides that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). This Panel shall order such transfer "upon its determination that transfers for such proceedings will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions." *Id.*

Centralization of the Related Cases under Section 1407 serves the best interests of the parties, as it will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary. *In re Fisher-Price Rock 'N Play Sleeper Marketing, Sales Practices, and Products Liability Litigation*, 412 F.Supp.3d 1357, 1359 (U.S.Jud.Pan.Mult.Lit., 2019).

All Related Actions arise from the same common facts, involve common issues of law and are brought on behalf of nearly identical plaintiff classes. Centralization of nearly identical class actions has long been favored. *In re First Nat. Bank, Heavener, Okl. (First Mortg. Revenue Bonds) Securities Litigation,* 451 F.Supp. 995, 997 (Jud.Pan.Mult.Lit.,1978) ("Because these actions have been brought on behalf of the same plaintiff class, we emphasize that it is desirable to have a single judge oversee the class action issues in both actions to avoid duplicative efforts in this area.") *In re Fisher-Price Rock 'N Play Sleeper Marketing, Sales Practices, and Products Liability Litigation*, 412 F.Supp.3d 1357, 1359 (U.S.Jud.Pan.Mult.Lit., 2019).

The risk of conflicting class action determinations has long been an important factor favoring transfer of an action under Section 1407. *See, e. g., In re Texas Gulf Sulphur Securities Litigation,* 344 F.Supp. 1398 (J.P.M.L.1972); *In re 7-Eleven Franchise Antitrust Litigation,* 358 F.Supp. 286, 287 (Jud.Pan.Mult.Lit. 1973). Here, such risk exists with respect to the nearly identical Illinois class cases asserting BIPA and other Illinois claims.

While informal coordination is strongly encouraged by the Panel, significant obstacles to efficient coordination may necessitate consolidation. *In re Smitty's/CAM2 303 Tractor Hydraulic Fluid Marketing, Sales Practices and Products Liability Litigation*, 2020 WL 2848377, at *2 (U.S.Jud.Pan.Mult.Lit., 2020). Here, the record before the Panel overwhelmingly establishes the necessity of Section 1407 consolidation. The filings by Plaintiffs in the NDIL and SDIL evidence

repeated efforts to coordinate with *Hong* counsel, to no avail. *Hong* counsel has engaged absurd tactics in an ill-fated attempt to wrangle control of this litigation without any concern for the absent class members they purport to represent. *Hong* has seemingly been a litigation comedy-of-errors since its inception. At best, *Hong* can be characterized as a hefty "toss at the wall" of weak claims in a kitchen-sink pleading on behalf of an overly broad class.  Judge Lee seems to warn of the dangers of such a litigation approach, stating in pertinent part in his order denying intervention:

> "(t)he *Hong* Plaintiffs boast that their complaint provides the best vehicle for TikTok users to obtain relief. It is true that the *Hong* complaint raises more claims, names more defendants, and seeks certification of a broader class than the consolidated complaint… *(citation omitted)…If anything,* however, those differences reinforce this Court's reluctance to permit intervention. At worst, the *Hong* Plaintiffs' attempt to represent an expansive class may delay or even defeat class certification. At a minimum, bringing more claims against more defendants promises to widen the scope of discovery and prolong this litigation. *SeeCoburn v. DaimlerChrysler Servs. N. Am., L.L.C.*, 218 F.R.D. 607, 610 (N.D. Ill.2003). It follows that intervention would prejudice the existing Plaintiffs." MDL ECF Dkt. No. 64-1, Ex.A

It is not in the Plaintiffs' or class members' best interests for *Hong* to attempt to intervene in the NDIL and SDIL cases and move to dismiss the cases based on jurisdictional arguments belonging to Defendants. Such actions are the antithesis of cooperation and coordination. In fact, the *Hong* filings are peppered with examples of unwillingness to cooperate and refusal to coordinate. For example, *Hong* has advised the Panel that it is refusing to attend "(t)he August 13, 2020 mediation arranged by Illinois Counsel" because of timing and its belief that an "Illinois-led

mediation" would create "a poor bargaining position" due to jurisdictional issues. MDL ECF No. 72. *Hong* was invited to attend the mediation, yet is stubbornly maintaining "(t)his August mediation will now lack any representatives from the Northern District of California with the authority to settle on behalf of the consolidated action there…" *Id*. *Hong's* position is entirely without substantive merit and contrary to the best interests of Plaintiffs and class.

### B. TRANSFER TO NDIL OR SDIL IS APPROPRIATE

Illinois is indisputably the "center of gravity" in this class action litigation brought on behalf of Illinois residents seeking redress for common violations of Illinois law. *In re: Amtrak Train Derailment In Philadelphia, Pennsylvania*, On May 12, 2015, 140 F.Supp.3d 1347, 1349 (U.S.Jud.Pan.Mult.Lit., 2015); *In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico*, on April 20, 2010, 731 F.Supp.2d 1352, 1355 (U.S.Jud.Pan.Mult.Lit.,2010) (finding transferee court closes to the geographic and psychological "center of gravity" in the litigation) A large number of the pending cases have been filed in Illinois, both NDIL and SDIL have been consolidated without objection and NDIL and SDIL counsel have demonstrated a willingness to cooperate and coordinate. *In re Delta Dental Antitrust Litigation*, 433 F.Supp.3d 1358, 1359 (U.S.Jud.Pan.Mult.Lit., 2020). Transfer to the Northern or Southern District of Illinois if further appropriate because the factual nexus is Illinois and the crux of Plaintiffs' claims arise under Illinois law. *In re Chrysler–Dodge–Jeep EcoDiesel Marketing, Sales Practices and Products Liability Litigation*, 273 F.Supp.3d 1377, 1379 (U.S.Jud.Pan.Mult.Lit., 2017).

Both Illinois District Court Judges, Judge Lee and Judge Rosenstengel, are excellent jurists " (w)ell-versed in the nuances of complex and multidistrict litigation who can steer this matter on a prudent course." *In re Chrysler–Dodge–Jeep EcoDiesel Marketing, Sales Practices and*

*Products Liability Litigation,* 273 F.Supp.3d 1377, 1379 (U.S.Jud.Pan.Mult.Lit., 2017). Both are very familiar with Illinois law and routinely adjudicate Illinois state law claims.

Transfer to Illinois is more convenient for Plaintiffs and class members. Generally, the geographic convenience of plaintiffs and class members is a lightly-weighted factor in determining the transferee court. However, in this case there is a uniquely compelling consideration warranting enhanced weighting of the convenience factor. The majority of class members are minors. Many of the witnesses will undoubtedly be minors and residing in Illinois. The majority of Plaintiffs' and class members' discovery will exist in or involve the Illinois minors and their parents or guardians. Arranging cross-country travel to California will be prohibitive for many and unduly burdensome for all. Meaningful participation in the litigation will be made much more difficult for Plaintiffs, class members and their respective parents or legal guardians—all of whom reside in Illinois. It does not serve the interest of justice to require Illinois residents to litigate their Illinois state law claims in California.

### III.   OPPOSITION TO CALIFORNIA AND ALTERNATIVES

In balance, Plaintiff believes consolidation is necessary and transfer to either NDIL or SDIL is most appropriate. Plaintiff opposes transfer to the Northern District of California for all of the reasons set forth above, as well as the recent developments in the Northern District of California, as reported by *Hong* in its most recent filing. MDL ECF Dkt. No. 72. Plaintiff disagrees with *Hong'*s characterization of the litigation and is troubled that on July 14, 2020, pursuant to Rule 23(g)(1)(A), *Hong* counsel, Ekwan Rhow of Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C., was appointed Interim Lead Plaintiffs' Counsel and Chairperson of the Executive Committee. *Id.* Transfer of this litigation to Judge Koh will drown the Illinois Plaintiffs' and Illinois class members' BIPA and related Illinois state law claims in

*Hong's* unfocused, over-flowing kitchen-sink litigation. *Hong* counsel has managed to be appointed interim lead counsel, while openly demonstrating an unwillingness to include Illinois counsel. In contrast, Plaintiff's counsel is confident that lead counsel in the Illinois cases, Katrina Carroll (NDIL) and Tiffany Yiatras (SDIL), are exceptionally knowledgeable, experienced and skilled Illinois lawyers capable of successfully leading this litigation. Both have reputations of the highest integrity and the leadership skills necessary to collaborate effectively with co-counsel.

Plaintiff suggests, as an alternative to consolidation of all cases in NDIL or SDIL, that the Panel order consolidation of the Illinois Plaintiffs' cases brought on behalf of classes consisting of Illinois residents and asserting BIPA and Illinois statutory and common law claims. In other words, *Hong*'s BIPA claim and claims asserted on behalf of Illinois class members would be transferred to NDIL or SDIL and the remaining *Hong* non-Illinois claims would not be consolidated.

## IV. CONCLUSION

For the reasons set forth more fully herein, Plaintiff respectfully requests that the Panel consolidate and transfer the Related Actions, as well as any tag-along actions or other cases, such as may be subsequently filed in federal court asserting related or similar claims, to the United States District Court for the Northern District of Illinois or, in the alternative, to the United States District Court for the Southern District of Illinois.

Dated: July 23, 2020

Respectfully,

/s/ *Robert M. Foote*

Robert M. Foote, Esq.
Kathleen C. Chavez, Esq.
Elizabeth C. Chavez, Esq.
**FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC**
10 W. State Street, Suite 200
Geneva, IL 60134
Telephone: (630) 232-7450

*Attorneys for Plaintiff Morgan Kukovec*