BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION | MDL Docket No. 2948 |

## PLAINTIFF AND MOVANT AUSTIN RECHT'S NOTICE OF OPPOSITION TO CONDITIONAL TRANSFER ORDER (CTO-3)

In accordance with Rule 7.1(c) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation (the "Panel"), Plaintiff and Movant Austin Recht ("Movant") submits this Notice of Opposition to the Conditional Transfer Order (CTO-3), as it relates to *Austin Recht v. TikTok Inc., et al.*, No. 2:22-cv-08613-MEMF-AGR (C.D. Cal. Nov. 25, 2022). Movant is prepared to file his Motion to Vacate CTO-3, pursuant to Rule 7.1(f), on December 21, 2022, or such alternate date set by the Panel.

For reasons that will be set forth in more detail in Movant's Motion to Vacate CTO-3, Defendants' Notice of Potential Tag-Along Action erroneously asserts that Movant's case involves questions of fact common to the now-concluded *In Re: TikTok, Inc., Consumer Privacy Litigation,* MDL No. 2948 (the "*Biometric Data* MDL"). However, these two cases are distinctly different. The *Biometric Data* MDL involved: (1) different conduct by the Defendants (the collection of TikTok users' biometric data through TikTok's video-sharing application prior to September 30, 2021 versus TikTok's newly discovered and ongoing practice of secretly intercepting details and contents of TikTok users' external website activity); (2) different conduct by the class members (use of TikTok's video-sharing application versus use of TikTok's undisclosed in-app browser); (3) different legal claims (Movant asserts federal and state wiretap claims, but plaintiffs in the *Biometric Data* MDL did not); and (4) class definitions that do not

overlap. Additionally, a transfer of Movant's case to the *Biometric Data* MDL, pursuant to 28 U.S.C. § 1407, is also inappropriate where final judgment in that case has been entered, pending appeals have been dismissed, and settlement funds have been distributed to class members. *See In re TikTok, Inc. Consumer Privacy Litig.*, No. 1:20-cv-04699, ECF No. 280 (N.D. Ill. Nov. 30, 2022) ("Pursuant to the Final Judgment and the October 12, 2022 Order of Dismissal, therefore, the Final Judgment became effective and this MDL and all member cases have been terminated.").

Dated:  December 16, 2022

                          Respectfully submitted,

                          /s/ *Roland Tellis*
                          Roland Tellis

                          BARON & BUDD, P.C.
                          Roland Tellis (SBN 186269)
                          rtellis@baronbudd.com
                          Sterling Cluff (SBN 267142)
                          scluff@baronbudd.com
                          David Fernandes (SBN 280944)
                          dfernandes@baronbudd.com
                          Shannon Royster (SBN 314126)
                          sroyster@baronbudd.com
                          Jay Lichter (SBN 266960)
                          jlichter@baronbudd.com
                          15910 Ventura Boulevard, Suite 1600
                          Encino, CA 91436
                          Telephone: 818-839-2333
                          Facsimile: 818-986-9698

                          DON BIVENS PLLC
                          Don Bivens (*pro hac vice* forthcoming)
                          don@donbivens.com
                          15169 N. Scottsdale Road, Suite 205
                          Scottsdale, AZ 85254
                          Telephone: 609.708.1450

                          *Counsel for Plaintiff Austin Recht*
                          (*Recht v. TikTok Inc., et al.*, Case No.
                          2:22-cv-08613 (C.D. Cal. Nov. 25, 2022)