BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: TIKTOK, INC. CONSUMER PRIVACY LITIGATION | MDL Docket No. 2948 |

**PLAINTIFF AND MOVANT E.K. THROUGH HER/HIS GUARDIAN SHLOMA KALLER'S NOTICE OF OPPOSITION TO DEFENDANTS POTENTIAL TAG-ALONG ACTION AND TO CONDITIONAL TRANSFER ORDER 3 (CTO-3)**

In accordance with Rule 7.1.(c) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation (the "Panel"), Plaintiff and Movant E.K. through his/her guardian Shloma Kaller ("Movant") submits this Notice of Opposition to Defendants' Notice of Potential Tag-Along Action and to Conditional Transfer Order (CTO-3), as it might relate to (or otherwise impact) *E.K., through his/her guardian Shloma Kaller v. TikTok, Inc.*, No. 7:22-cv-10574-CS (S.D.N.Y., 2022)(*"E.K."*).

For reasons that will be set forth in more detail in Movant's Motion to Vacate CTO-3, Defendants' Notice of Potential Tag-Along Action (Dkt. 99) mistakenly asserts that Movant's case involves questions of fact common to the now-concluded *In re TikTok, Inc. Consumer Privacy Litigation*, MDL No. 2948 (the "*Biometric Data* MDL"). However, E.K. (as well the case captioned *Austin Recht v. TikTok Inc., et al.*, Case No. 2:22-cv-08613 (C.D. Cal. Nov. 25, 2022)) are very different than the *Biometric Data* MDL. They involve wholly distinct and different conduct by TikTok and are unrelated to each other. The *Biometric Data* MDL involved (1) different conduct by the Defendants (the collection of TikTok users' biometric data through TikTok's video-sharing application prior to September 30, 2021, as opposed to the instant *E.K.* action which focuses on TikTok's newly discovered (in 2022) practice of covertly intercepting

details and contents of TikTok's users' external website activity within TikTok's surreptitiously-placed in-app browser); (2) different conduct by the Plaintiff and putative Class members (use of TikTok's video-sharing application as compared to use of TikTok's covert in-app browser); (3) different legal claims (the *Biometric Data* MDL was focused on biometric privacy laws whereas the *E.K.* action asserts claims under the federal wiretap laws, claims which were not (and could not have been) asserted in the Biometric Data MDL); and (4) class definitions which do not overlap.

Additionally, a transfer of a Movant's case to the *Biometric Data* MDL, pursuant to 28 U.S.C. 1407, is inappropriate where final judgment in that case has been entered, pending appeals have been dismissed, and settlement funds have been distributed to class members. *See In re TikTok, Inc. Consumer Privacy Litigation*, Case No. 1:20cv-04699, ECF No. 280 (N.D. Ill., Nov. 30, 2022)("Pursuant to the Final Judgment and the October 12, 2022 Order of Dismissal, therefore, the Final Judgment became effective and this MDL and all member cases have been terminated."). Movant also adopts and incorporates herein all arguments in opposition to (and to vacate) CTO-3 made in these matters by Plaintiff/Movant Austin Recht. *See Biometric Data* MDL, Dkt. 100.

DATED: December 22, 2022                    Respectfully submitted,

                                            */s/ Blake Hunter Yagman*

                                            Israel David
                                            *israel.david@davidllc.com*
                                            Blake Hunter Yagman
                                            *blake.yagman@davidllc.com*
                                            **ISRAEL DAVID LLC**
                                            17 State Street, Suite 4010
                                            New York, New York 10004
                                            Tel.:          (212) 739-0622
                                            Facsimile:     (212) 739-0628