BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION | MDL Docket No. 2948 |

**PLAINTIFF FLEMING'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-5)**

Defendants primary argument in attempting to shoehorn the pending *In App Browser* actions that are before the Panel in MDL 3067 into the *Biometric Data* MDL 2948 is that the claims in the *In App Browser* actions fall within the release language in the class-wide settlement agreement that has previously been approved in *Biometric Data* MDL 2948. (Defendants' Brief at 7-14). This is a merits argument that is beyond the Panel's authority to decide. *See, e.g., In re Paragard IUD Products Liability Litig.*, 510 F.Supp.3d 1376, 1377-78 (J.P.M.L. 2020) ("Defendants also argue that plaintiffs' claims (specifically, their failure-to-warn, defective design, and manufacturing defect claims) fail as a matter of law. The Panel, however, has no authority to make such an assessment."); *In re Uber Technologies Inc. Data Security Breach Litig.*, 304 F.Supp.3d 1351, 1353-54 (J.P.M.L. 2018) ("The Uber defendants principally object to centralization based on the asserted likelihood that their pending and anticipated motions to compel individual arbitration will be granted in all actions, prior to the commencement of any discovery, bringing an early end to this litigation. But such an assessment of the merits of the actions is beyond the Panel's authority.") Whether the claims asserted in the *In App Brower* cases are barred by the settlement agreement in *Biometric Data* may be an additional common legal question to be decided by the transferee court in MDL 3067, but that is not a question that must be decided by the *Biometric Data* court. More to the point, whether the *In App Browser* claims are barred by the

*Biometric Data* settlement is a merits question not an appropriate consideration as to whether the *In App Browser* claims should be transferred into the *Biometric Data* MDL. Defendants alternatively argue that the *In App Browser* claims violate the injunction against pursuing litigation involving claims released in the *Biometric Data* settlement. If Defendants believe that is the case, their appropriate remedy is to move to enforce the settlement before the *Biometric Data* court, not to move before the Panel to transfer all of the *In App Browser* cases into the *Biometric Data* MDL. In either case, this is an inappropriate forum for litigating what claims were or were not released by the *Biometric Data* settlement or any other issues relating to the propriety of the *Biometric Data* settlement.[1]

---

[1] What Defendants appear to really be up to is somewhat more nefarious. In the *Biometric Data* settlement, the "Released Claims" includes

> any and all claims, complaints, actions, proceedings, or remedies of any kind, whether known or unknown (including, without limitation, claims for attorneys' fees and expenses and costs), arising from or related to the Civil Actions or the collection and use of any user data, including biometric data, whether in law or in equity, under contract, tort or any other subject area, or under any statute, rule, regulation, order, or law, whether federal, state, or local, on any grounds whatsoever, arising from the beginning of time through the Effective Date, that were, could have been, or could be asserted by the Releasing Parties.

"Civil Actions" is, in turn, defined as

> all of the civil actions that have been, will be, or could be initiated relating to the allegations or subject matter at issue in any pleading filed in any action that is included in or related to In Re: TikTok, Inc., Consumer Privacy Litigation, MDL No. 2948.

As is set forth in the text, rulings as the merits of parties' claims are beyond the Panel's purview. However, a procedural ruling by the Panel in Defendants' favor that the *In App Browser* claims are part of the *Biometric Data* MDL would give Defendants the same result as if the Panel ruled in their favor on the merits of their argument that the *Biometric Data* settlement included the *In App Browser* claims. That is because if the Panel transfers the *In App Browser* claims into the *Biometric Data* MDL, the Panel's decision would fit the *In App Browser* claims within the definition of "Civil Actions" as "included in or related to In Re: TikTok, Inc., Consumer Privacy Litigation, MDL No. 2948" and the claims asserted in the "Civil Actions" were certainly among

The whole purpose of centralization under 28 U.S.C. § 1407 is "to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary." *In re High Sulfur Content Gasoline Prod. Liab. Litig.*, 344 F. Supp. 2d 755, 757 (J.P.M.L. 2004).  That goal would not be advanced by transferring the *In App Browser* cases into the *Biometric Data* MDL.  The common discovery has already been taken in *Biometric Data*. If the *In App Browser* cases are transferred into the *Biometric Data* MDL, that common discovery will either have to be duplicated or the *In App Browser* plaintiffs will have to do without discovery.  All of the pretrial rulings in *Biometric Data* have been ruled on.  Whatever pretrial rulings that might need to be made in the *In App Browser* will still need to be made, and whatever decisions were made in *Biometric Data* would be applicable or not, just as would any other authority.

Transferring the *In App Browser* claims into the *Biometric Data* MDL will not conserve the resources of the parties, their counsel or the judiciary because the *In App Browser* claims are just beginning and the *Biometric Data* claims have been litigated and settled.  Ms. Fleming is not suggesting setting up multiple MDLs when all of the cases are at their inception, as in the cases cited by Defendants.  *See In re Juul Labs, Inc. Marketing, Sales Practices, and Products Liability Litig.*, 396 F.Supp.3d 1366, 1367 (J.P.M.L. 2019);  *In re Aqueous Film-Forming Foams Product Liability Litig.*, 357 F.Supp.3d 1391, 1393 n. 5 (J.P.M.L. 2018); *In re Frito-Lay North America, Inc. All Natural Litig.*, 908 F.Supp.2d 1379, 1379-80 (J.P.M.L. 2012).  This is not an instance where two ongoing parallel ligations could potentially be duplicating discovery or have potentially conflicting pretrial rulings.  The *In App Browser* claims are just beginning and the *Biometric Data*

---

the "Released Claims".  Respectfully, the Panel should decline to give Defendants such a back-door victory.

claims are done. These cases are also distinguishable from *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*, 961 F.Supp.2d 1355 (J.P.M.L. 2013), which is cited by Defendants. There, a group of plaintiffs who were either excluded from or had opted out of settlements in a prior *Deepwater Horizon* MDL sought to create a new MDL to litigate their claims. Unlike the *Deepwater Horizon* plaintiffs who were asserting the very same claims as they had been in the prior MDL, the *In App Browser* plaintiffs did not have the advantage of common discovery and/or pretrial rulings in the *Biometric Data* MDL, nor did they opt out of the *Biometric Data* settlement in order to pursue their own claims arising out of the *Biometric Data* facts. Rather, the *In App Browser* plaintiffs are asserting different claims based upon different facts.

There would not even be a saving of judicial resources by taking advantage of the *Biometric Data* judge's institutional knowledge of that litigation since Hon. John Z. Lee, who had handled the *Biometric Data* litigation was recently elevated to the Seventh Circuit and the case was reassigned to Hon. Rebecca R. Pallmeyer on November 3, 2022. *Biometric Data*, ECF 278. Thus, whatever jurist the *In App Browser* claims may be assigned to will be starting from ground zero. Ms. Fleming agrees 100% that the issue of whether the *In App Browser* claims are barred by the *Biometric Data* should be decided by the transferee court, but it should be the transferee court as determined in the *In App Browser* MDL. Transferring the *In App Browser* claims into the *Biometric Data* MDL would not satisfy any of the goals of 28 U.S.C. § 1407. *Biometric Data* is done. *In App Browser* is just beginning. To the extent that the *Biometric Data* settlement is a defense to the *In App Browser* claims, that can be litigated along with whatever other defenses Defendants might raise to the *In App Browser* claims in separate litigation.

For the foregoing reasons, Plaintiff respectfully requests the Panel vacate CTO-5.

4

Dated: February 21, 2023  Respectfully submitted,

By: */s/ James E. Cecchi*
James E. Cecchi
Carella Byrne Cecchi
Brody & Agnello, P.C.
5 Becker Farm Rd.
Roseland, NJ 07068
Tel. 974-994-1700
jcecchi@carellabyrne.com

*Counsel for Plaintiff Fleming*